Last case on the oral argument docket is People v. Craighead. Jennifer Camden on behalf of the People. I'll be brief. In the year 2000, the defendant was convicted of first degree murders of two people. These crimes were committed in 1997 when the defendant was 16. He was sentenced to mandatory natural life imprisonment under the then applicable statute. He filed an untimely initial post-conviction petition and later amended it to include citations to Miller v. Alabama, the U.S. Supreme Court decision holding that mandatory natural life sentences for juvenile offenders violates the Eighth Amendment to the U.S. Constitution. And cited People v. Davis, the Illinois Supreme Court decision holding that Miller created a new substantive rule retroactively applicable on collateral review. The circuit court in this case granted the defendant a new sentencing hearing under Davis. This is a state appeal from that award of relief. The state filed a notice of appeal during the pendency of the state's certiorari petition in Davis. Since that time, the United States Supreme Court denied that cert petition in Davis, granted a certiorari petition in a Louisiana case called Toca v. Louisiana presenting the issue of Miller retroactivity. That case was later dismissed by the parties. And then the Supreme Court, after the dismissal of Toca, granted a cert petition in another case, Montgomery v. Louisiana, which also presents the question of Miller's retroactivity. Now, this court is bound by Davis unless and until it's overruled or superseded. However, that could happen in the Montgomery case now pending before the U.S. Supreme Court presenting the same issue decided in Davis, whether Miller created a new substantive rule, a federal constitutional law that's retroactively applicable on collateral review. The U.S. Supreme Court also directed the parties to brief the question of whether the Supreme Court had jurisdiction to review a state court decision on Miller's retroactivity. And the latest update on the status of that case is that the amicus brief on the jurisdiction question is due next Tuesday in the U.S. Supreme Court with a briefing by the parties to follow in due course. So in light of the pendency of the Montgomery decision, the state is urging this court to hold the appeal, this appeal, in advance pending the resolution of the Montgomery decision. And that concludes my remarks unless this court has questions. I don't believe we do. Thank you. Counsel? Good afternoon. Counsel? May it please the court, Alexander Munches, representing Mr. Brandon Craithead, the appellee. Now, this is a simple case. The state does not dispute that Davis is binding precedent. The state concedes that given Davis, Mr. Craithead's post-conviction petition may not be dismissed based on untimeliness and that given Davis, Mr. Craithead is entitled to a resentencing hearing. Accordingly, this court should affirm. I must note, however, the state has also asked in its reply for this court to hold the case in advance. That is, the state has asked this court to do what it cannot, which is ignore binding precedent from the Illinois Supreme Court. The state has effectively asked for lawlessness, and this court should reject its request. Again, the state does not dispute that Davis binds this court. The state merely objects to the holding of Davis. So what? This court is bound to follow Davis. At that time, the state will be free to file a PLA, asking the state Supreme Court to reconsider its holding of Davis. In sum, this is a simple case. No one contests that Davis binds this court. The trial court already recognized it was bound by Davis. Likewise, this court should simply affirm the trial court. Mr. Craithead is entitled to a resentencing hearing. Such hearings are already being held in Illinois. The state's request for an abeyance is improper at best. Accordingly, this court should affirm. Thank you, Counsel. Counsel, any reply? Just very briefly, Your Honor, just that this is an important issue nationwide, and there's an interest in the uniform application and interpretation of federal law on this issue, and the U.S. Supreme Court wants to decide this issue, as evidenced by its granting of two separate certifications on it. And the state does have a strong argument that the outcome of Montgomery could affect the validity of Davis because Davis was based on a federal constitutional analysis. Thank you, Counsel. We appreciate the briefs and arguments. Counsel, this case is under advisement. There are no further oral arguments scheduled before the court will adjourn. All rise.